UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

CARLOS ESPINOZA, ALBERTO LIRA FLORES,
and SAMANTHA LIRA, *individually and on behalf
of all others similarly situated*,

                    Plaintiffs,

                    v.

LA OFICINA BAR CORP. *d/b/a* LA PUERTO DE
MANTA, SAN CECILIO RESTAURANT INC. *d/b/a*
CAPYBARA BAR & RESTAURANT, EDGAR
ALVAREZ, and RODRIGO GONZALEZ,

                    Defendants.

**ORDER**
20-CV-1237 (MKB) (RLM)

-------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        Plaintiffs Carlos Espinoza, Alberto Lira Flores, and Samantha Lira commenced the above-captioned action, against Defendants La Oficina Bar Corp. ("La Oficina"), doing business as Puerto De Manta, San Cecilio Restaurant Inc. ("San Cecilio"), doing business as Capybara Bar & Restaurant ("Capybara"), Edgar Alvarez, and Rodrigo Gonzalez on March 6, 2021, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") and the New York Labor Law, §§ 190 *et seq.* and 650 *et. seq.* (the "NYLL"). (Compl., Docket Entry No. 1.) Plaintiffs allege that Defendants violated (1) the FLSA's minimum wage and overtime provisions, (*id.* ¶¶ 47–60); (2) the NYLL's minimum wage, overtime, and spread-of-hours provisions, (*id.* ¶¶ 61–72); and (3) the NYLL's Wage Theft Prevention Act, (*id.* ¶¶ 73–78).[1]

---

[1] Plaintiffs also sought declaratory relief in the Complaint, (see Compl. ¶¶ 79–84), but did not pursue any such relief in their motion for default judgment. (*See generally* Pls.' Mem. in Supp. of Def. J ("Pls.' Mem."), Docket Entry No. 61.)

Defendants failed to appear or otherwise defend this action and the Clerk of Court entered default against them.[2] On July 8, 2021, Plaintiffs moved for default judgment, (Pls.' Mot. for Default J., Docket Entry No. 57), and the Court referred the motion to Magistrate Judge Roanne L. Mann for a report and recommendation, (Order Referring Mot. dated July 9, 2021). By report and recommendation dated March 1, 2022, Judge Mann recommended that the Court deny in part and grant in part Plaintiff's motion for a default judgment, (the "R&R"). (R&R 47–48, Docket Entry No. 73.)

No objections to the R&R have been filed and the time for doing so has passed.

### I. Background

On March 6, 2021, Plaintiffs commenced the above-captioned action, alleging that Defendants committed widespread violations of the FLSA and NYLL. (Compl.) On November 11, 2020, after Defendants failed to appear in the action, Plaintiffs requested certificates of default against Defendants.[3] On November 19, 2020 the Clerk of Court granted Plaintiffs' requests as to Gonzalez and Alvarez, but denied them as to San Cecilio and La Oficina because it did not appear that proper service was effectuated on behalf of the corporate Defendants.[4] As a

---

[2] (Clerk's Entry of Default as to Gonzalez dated Nov. 19, 2020, Docket Entry No. 29; Clerk's Entry of Default as to Alvarez dated Nov. 19, 2020, Docket Entry No. 30; Clerk's Entry of Default as to San Cecilio dated Dec. 28, 2020, Docket Entry No. 38; Clerk's Entry of Default as to La Oficina dated Dec. 28, 2020, Docket Entry No. 39.)

[3] (Request for Certificate of Default against Gonzalez dated Nov. 11, 2020, Docket Entry No. 21; Request for Certificate of Default against Alvarez dated Nov. 11, 2020, Docket Entry No. 23; Request for Certificate of Default against San Cecilio dated Nov. 11, 2020, Docket Entry No. 25; Request for Certificate of Default against La Oficina dated Nov. 11, 2020, Docket Entry No. 27.)

[4] (Clerk's Entry of Default as to Gonzalez dated Nov. 19, 2020; Clerk's Entry of Default as to Alvarez dated Nov. 19, 2020; Denial of Request for Certificate of Default as to San Cecilio dated Nov. 19, 2020; Denial of Request for Certificate of Default as to La Oficina dated Nov. 19, 2020.)

result, Plaintiffs served San Cecilio and La Oficina through the New York Secretary of State and on December 17, 2020 re-requested certificates of default against them.[5] On December 28, 2020, the Clerk of Court granted Plaintiffs' requests as to San Cecilio and La Oficina.[6]

On July 8, 2021, Plaintiffs moved for default judgment against Defendants, (Pls.' Mot. for Default J.), and on July 9, 2021, the Court referred the motion to Magistrate Judge Roanne L. Mann for a report and recommendation, (Order Referring Mot. dated July 9, 2021). On January 14, 2022, and February 10, 2022, Judge Mann held evidentiary hearings regarding Plaintiffs' motion and heard the testimony of Carlos Espinoza, Alberto Lira Flores, and Samantha Lira. (Tr. of Proceedings held on Jan. 14, 2022, Docket Entry No. 70; Tr. of Proceedings held on Feb. 10, 2022, Docket Entry No. 72.)

By report and recommendation dated March 1, 2022, Judge Mann recommended that the Court (1) deny default judgment against Alvarez and Gonzalez for lack of effective service; (2) grant default judgment against San Cecilio totaling $68,158.42 in unpaid wages, liquidated damages, and statutory damages, consisting of $27,048 for Carlos Espinoza, $17,260 for Alberto Lira Flores, and $23,850.42 for Samantha Lira;[7] (3) grant default judgment against La Oficina

---

[5] (Summons Returned Executed for San Cecilio dated Dec. 4, 2020, Docket Entry No. 32; Summons Returned Executed for La Oficina Bar dated Dec. 4, 2020, Docket Entry No. 33; Request for Certificate of Default against San Cecilio dated Dec. 17, Docket Entry No. 34; Request for Certificate of Default against La Oficina Bar Corp. dated Dec. 17, Docket Entry No. 36.)

[6] (Clerk's Entry of Default as to San Cecilio dated Dec. 28, 2020; Clerk's Entry of Default as to La Oficina dated Dec. 28, 2020.)

[7] On page one of the R&R Judge Mann states that the Court should grant default judgment against San Cecilio totaling $67,096.42. (R&R 1.) However, this appears to be an accounting error as the award consists of $13,414.50 in unpaid minimum or agreed-upon wages, $5,313.71 in unpaid overtime compensation, $351.00 in spread-of-hours compensation, $30,000

3

totaling $7,920.00 in unpaid wages, liquidated damages, and statutory damages for Alberto Lira Flores;[8] (4) award Plaintiffs pre-judgment interest against each defendant at the rate of nine percent per year until the date final judgment is entered; (5) award plaintiffs post-judgment interest against each defendant at the statutorily prescribed rate from the date judgment is entered until the judgment is paid; and (6) automatically increase the total amount of judgment by fifteen percent if these amounts remain unpaid within ninety days after judgment or after the time to appeal has expired if no appeal is pending, in accordance with NYLL. (R&R 39, 42, 43, 47.)

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial

---

in statutory damages, and $19,079.21 in liquidated damages, which totals $68,158.42. (R&R 47.)

[8] The 7,920.00 award consists of $760.00 in unpaid minimum wages, $6,400.00 in statutory damages and $760.00 in liquidated damages. (R&R 47.)

4

review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R, and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1) but modifying the amount awarded against San Cecilio.

### III. Conclusion

Accordingly, the Court adopts the R&R and denies Plaintiffs' motion for default judgment in part and grants it in part. The Court denies Plaintiffs' motion as to Alvarez and Gonzalez for lack of effective service. The Court grants default judgment against San Cecilio, awarding a total of $68,158.42 in unpaid wages, liquidated damages, and statutory damages, consisting of (a) $27,048 for Carlos Espinoza, (b) $17,260 for Alberto Lira Flores, and (c) $23,850.42 for Samantha Lira. The Court also grants default judgment against La Oficina, awarding a total of $7,920.00, in unpaid wages, liquidated damages, and statutory damages for Alberto Lira Flores. In addition, the Court grants Plaintiffs pre-judgment interest at a rate of nine percent, post-judgment interest at the statutory rate, and a fifteen percent increase penalty if damages under the NYLL are not paid within ninety days of judgment or the expiration of time to appeal.

Plaintiffs are directed to serve copies of this Order on Defendants at their last known addresses and to file proof of service with the Court.

Dated: March 31, 2022
       Brooklyn, New York

                                            SO ORDERED:

                                                s/ MKB
                                            MARGO K. BRODIE
                                            United States District Judge